# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PITRE ELECTRIC, INC., a California corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MARYLAND CASUALTY COMPANY, et.al.,<br><br>　　　　Defendants. | CIV F 04-5227 OWW  DLB<br><br>ORDER DENYING RENEWED MOTION TO COMPEL APPRAISAL AS PREMATURE<br>[DOC 42] |

On August 19, 2005, defendants Maryland Casualty Company ("Maryland") and Assurance Company of America (collectively "defendants") filed a renewed Motion to Compel Contractual Appraisal and to Stay Proceedings. Defendants also requested a case management conference. Plaintiff Pitre Electric, Inc., a California corporation ("plaintiff") filed an opposition on September 16, 2005 and defendants filed a reply on September 30, 2005. The motion was heard on October 7, 2005 before the undersigned. Attorney Jonathon Gross appeared on behalf of defendants and attorney James Wilkins appeared on behalf of plaintiff.

**BACKGROUND**

This litigation arises out of an insurance coverage and bad faith dispute

1

resulting from a February 3, 2003 fire at Hurst Hardware Store in Madera, California.  The building and all of its contents were destroyed.  The store was insured by Maryland for plaintiff under the name "Hurst Hardware, a division of Pitre Electric, Inc."  Plaintiff initially filed the case in Fresno County Superior Court on December 31, 2003.  Maryland removed the action to this Court on February 3, 2004.

The policies at issue contain the following the appraisal provision:

> **Appraisal -** if we and you disagree on the value of the property for the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.   If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:
> 1.  Pay its chosen appraiser; and
> 2.  Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Form 9S1001 Ed. 4-99 at Page 18 of 26.

Maryland previously filed a motion to compel contractual appraisal on June 18, 2004. Plaintiff opposed the request contending that defendants had waived their right to appraisal based upon their conduct.  Plaintiff also argued that it had not had an opportunity to conduct discovery relating to its claim of waiver.  The hearing of the motion on July 23, 2004 resulted in a stipulated order, filed September 23, 2004 where the parties agreed:

1.   Each party is to appoint an appraiser for the valuation of plaintiffs' claimed losses;

2.   The parties are to exchange reports prepared by the party -appointed appraisers;

3.   The remainder of the appraisal process including the appointment of an umpire, the meeting of the party-appointed appraisers to resolve

disputes, and the submission of disputed valuations to the umpire, is stayed pending the court's ruling on plaintiffs' claim that defendants had waived their right appraisal;

4. The parties are to proceed with discovery, with neither party waiving any right to appraisal by conducting discovery; and

5. The court would hold another hearing upon motion by plaintiff on the issue of defendants' alleged waiver.

Pursuant to the order, defendants appointed Mark Newton of Hagen, Streiff, Newton & Oshiro. Plaintiff appointed Mr. Braun. The exchange of reports occurred in June 2005. The parties have engaged in written discovery depositions. The parties participated in a mediation with James Mart of JAMS on August 8, 2005. Discovery was stayed until after the mediation. The mediation as not successful.

Defendants now argue that there has been ample time for discovery on the issue of waiver and there is no evidence supporting the claim. Defendants therefore request that the Court grant this motion to compel appraisal of the value of plaintiff's loss that is in dispute which is the monthly amount of loss of business income claimed. Defendants request a stay of the proceedings pending the outcome of the appraisal. After completion of the contractual appraisal of the disputed value of loss, it is defendants' position that the court will then resolve the coverage dispute between the parties as to the number of months of insurance benefits for loss of income to which plaintiff is entitled.

Defendants also request a case management conference in order to establish an efficient case management plan including the following components:

1. Plaintiff's disclosure of their unpaid insurance claims - Defendants contend that at a September 12, 2005 deposition, plaintiff presented an array of new insurance claims but has yet to respond to interrogatories requesting an itemization of all claims;

2.      Court adjudication of coverage issues; and

3.      Appraisal of valuation disputes concerning covered losses;

Plaintiff once again argues that defendants have waived their right to appraisal because: (1) the policy provides that defendant had 30 days from receiving the sworn proof of loss in which to request an appraisal and defendants failed to request an appraisal for more than a year after receiving the sworn proof of loss; (2) defendants in any event did not request an appraisal within a reasonable time and therefore waived their rights; (3) defendants waived their right to appraisal by bad faith and willful misconduct; and (4) defendants are estopped from seeking appraisal because they lulled plaintiff into believing that the only way to obtain benefits due and owing was to hire an attorney and file a lawsuit which plaintiff has done in detrimental reliance on defendants' conduct.

## DISCUSSION

Where the value or amounts of loss (rather than coverage) is disputed, many fire and property insurance policies provide for an appraisal by disinterested appraisers and an umpire. An appraisal procedure set forth in an insurance policy is an "agreement to arbitrate" under California law and the Federal Arbitration Act. *See* CCP 1280(a); *Loise Gardens of Encino Homeowners' Assn, Inc. v. Truck Ins. Exch., Inc.*, 82 Cal.App.4th 648, 658 (2000); 9 U.S.C sec. 2; *Wailua Associates v. Aetna Cas. and Sur. Co.*, 904 F.Supp. 1142 (D.Hawaii 1995). The parties appear agree that California law governs the enforceability of such clauses.

California law recognizes a presumption in favor of arbitrability. Therefore, close questions asked to the enforceability of an arbitration clause are likely to be resolved in favor of arbitration. *Engalla v. Permanente Med. Group, Inc.* 15 Cal.4th 951, 971 (1997). The right to compel arbitration may be waived, and such waiver may be asserted as a defense to a petition to compel arbitration. CCP sec 1281.2(a); *Davis v. Blue Cross*, 25 Cal.3d 418,425 (1979). Waiver has been found where a party substantially and unreasonably delays in demanding arbitration despite the claimants own reasonable diligence (*Engalla v. Permanente*,

4

1  supra 15 Cal.4th at 982-984); dilatory tactics in the arbitration proceedings or stalling on
2  appointment of arbitrator (*Id.*); or litigating issues covered by an arbitration agreement
3  (*Christensen v. Dewor Developments* 33 Cal.3d 778, 782 (1983)).  In addition, when a dispute
4  arises between the insurer and insured, the insurer may owe the duty to direct the insured's
5  attention to obscure arbitration provisions in the policy as to which the insured may be unaware
6  and if the insurer fails to do so, it may be held to have forfeited the right to compel arbitration of
7  the dispute.  *Davis v. Blue Cross*, supra, 25 Cal.3d at 429-430; see also *American Home Assur.*
8  *Co. v. Benowitz*, 234 Cal.App.3d 192, 203 (1991)[no forfeiture where insured aware of
9  arbitration clause].

10           Based on the parties' respective positions regarding appraisal in this case, the
11 issue of defendants' waiver of the right to appraisal is so inextricably connected with the merits
12 of plaintiff's claims of bad faith and defendants' defenses so as to make the motion to compel
13 appraisal premature.  While plaintiff appears to be ready to brief and argue the merits of their bad
14 faith claim, defendants contend that discovery is not complete and they are not prepared to brief a
15 dispositive motion on this issue.  In addition, there are still significant coverage disputes that
16 exist between the parties which also make an appraisal premature.

17           Accordingly, noting that defendants have now twice made a motion to compel
18 appraisal pursuant to the policies, the Court finds that a decision on the legal and factual issues
19 that are necessarily included in the motion is premature from a case management standpoint and
20 that an order on this motion should be delayed until the Court has been fully briefed and is ready
21 to decide the merits of the bad faith claim.  Defendants' renewed motion to compel appraisal and
22 to stay proceedings is therefore DENIED WITHOUT PREJUDICE as premature.  Neither
23 parties' continued participation in discovery or this litigation shall be deemed a waiver of their
24 right to appraisal.

25      IT IS SO ORDERED.

26   *Dated:   October 10, 2005*                    */s/ Dennis L. Beck*
     3b142a                                          UNITED STATES MAGISTRATE JUDGE
27

28                                                  5